## HENDERSON WARE *v.* WARDEN, MARYLAND PENITENTIARY

[No. 19, September Term, 1967.]

*Decided January 12, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

The applicant, Henderson Ware, was convicted by Judge J. Howard Murray after a non-jury trial in the Circuit Court for Baltimore County on August 20, 1952 on the first count of an indictment charging assault with intent to rape and was sentenced to life imprisonment in the Maryland Penitentiary. He did not appeal.

On October 26, 1965, applicant filed a petition for relief under the Uniform Post Conviction Procedure Act, on August 11, 1966 filed a supplemental petition and on November 29, 1966 filed a third supplemental petition.

On May 4, 1966, counsel was appointed for the applicant and on March 10, 1967 a hearing was held on the petition before Judge John E. Raine, Jr., at which time applicant and his counsel were present. On March 13, 1967, Judge Raine filed a Memorandum Opinion dismissing the petition.

On April 5, 1967, applicant filed an application for leave to appeal to the Court of Special Appeals from the order of Judge Raine, denying him relief under the Act. Applicant's original application for leave to appeal was by letter in which he failed to comply with Rule BK 46, in that he stated no reasons why the order passed March 10, 1967 should be reversed or modified. However, in a supplemental application filed October 11, 1967, applicant sets forth various contentions, all of which boil down to the fact that Judge Raine was the prosecuting attorney at his original trial at which he was convicted, and there-

fore should have been disqualified from hearing his petition under the Uniform Post Conviction Procedure Act on March 10, 1967.

It should be pointed out that applicant raised no objection at the time of the hearing to the fact that Judge Raine had prosecuted the original case and therefore should not hear his case under the Act. By way of justification he alleges that he did not know at the time of the hearing that the Judge had acted as prosecutor at his trial some fourteen years previously.

Maryland Rule BK 44 (c) provides that the hearing may be before any judge except the judge who sat at the trial at which the petitioner was convicted unless petitioner assents.

While it is true that Judge Raine was not the sitting judge at the time of the trial at which applicant was convicted and while the record fails to disclose any objection on the part of the applicant to Judge Raine sitting at the hearing on the petition under the Act, we find that inasmuch as Judge Raine was the prosecutor at the time of the trial at which applicant was convicted the hearing should not have been heard by him unless there was express consent by the applicant. The record fails to disclose any express consent by the applicant. We must therefore grant the application for leave to appeal and remand for a hearing before another judge.

*Application granted and petition remanded for further proceedings.*